UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KENYA BROWN,
    *Plaintiff*,

v.

SCOTT SEMPLE,
    *Defendant*.

No. 3:18-cv-742 (JAM)

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Kenya Brown is a Connecticut state prisoner who is serving a 20-year sentence following his conviction on multiple criminal charges. He has filed this *pro se* federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, I will dismiss the petition on the ground that it was not timely filed within one year of when Brown's state court convictions became final.

### BACKGROUND

On September 18, 2003, Brown pleaded guilty in the Connecticut Superior Court to multiple counts of attempted murder, robbery, kidnapping, illegal possession of a weapon in a motor vehicle, possession of narcotics with intent to sell, and forgery. On November 7, 2003, he was sentenced to twenty years imprisonment. Brown did not appeal his convictions or sentence. *See Brown v. Warden, State Prison*, 2015 WL 9694344 (Conn. Super. Ct. 2015) (summarizing the Superior Court plea proceedings).

On October 11, 2012, Brown sought habeas corpus relief in state court on the grounds that he had been denied effective assistance of counsel, and that his pleas were not entered knowingly and voluntarily. The state court denied Brown's petition following a trial. *See Brown v. Warden*, 2015 WL 9694344. Brown appealed, and his appeal was dismissed by the Connecticut Appellate

1

Court on March 28, 2017. *See Brown v. Commissioner of Correction,* 171 Conn. App. 903 (2017). Brown then petitioned the Connecticut Supreme Court for discretionary review. His petition for review was denied on May 17, 2017. *See Brown v. Commissioner of Correction*, 325 Conn. 926 (2017).

Brown filed this federal petition for a writ of habeas corpus on May 2, 2018. He claims that his guilty pleas were not knowing and voluntary, and he further claims that his trial counsel rendered ineffective assistance of counsel.

## DISCUSSION

A federal court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal law, however, imposes stringent time limitations for prisoners to seek federal habeas corpus relief. Subject to certain exceptions, federal law requires that a federal petition for habeas corpus relief be filed within one year of a prisoner's state court conviction becoming final. *See* 28 U.S.C. § 2244(d)(1).[1]

A state court conviction becomes "final" at "the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Thus, a conviction becomes

---

[1] The statute, 28 U.S.C. § 2244(d)(1), provides in full as follows:
A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2

"final" either on the date when the highest court to which a petitioner has sought direct review has denied relief or, if a petitioner has *not* sought such further review, the date when the time for seeking such direct review has expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001).

Here, Brown did not file any direct appeal from his convictions or sentence. His convictions therefore became final on November 23, 2003, the date when the 20-day time period for filing an appeal expired. *See* Connecticut Practice Book § 63-1. The date for him to file a federal habeas corpus petition expired one year later on November 23, 2004.

Brown eventually filed a state habeas corpus petition in October 2012. It is true that the filing of a state habeas corpus petition tolls the one-year time period for the filing of a federal habeas corpus petition. *See* 28 U.S.C. § 2244(d)(2). But in cases where the federal one-year time period has already expired, the later filing of a state habeas corpus petition does not "reset" the one-year period for a petitioner to file a federal habeas corpus petition. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Accordingly, notwithstanding Brown's filing of a state habeas corpus petition in 2012 and notwithstanding his subsequent filing of this federal habeas corpus petition in 2018 within one year of the date when the Connecticut Supreme Court denied review of his state habeas corpus petition in 2017, the time for Brown to file any federal habeas corpus petition had already expired long before he initiated any state habeas corpus proceedings.[2]

---

[2] In September 2010, Brown challenged the adequacy of the mental health treatment provided to him by the Connecticut Department of Corrections. *See Brown v. Warden, State Prison,* CV10-4003800-S (Conn. Super. Ct. 2010). Even assuming that this state court proceeding could be characterized as a habeas corpus proceeding that would toll the statute of limitations for filing a federal habeas corpus petition, *see* 28 U.S.C. § 2244(d)(2), this proceeding was not initiated until long after the one-year period for filing a federal petition for writ of habeas corpus had expired.

Brown does not otherwise argue or establish any grounds to warrant equitable tolling of the federal statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Accordingly, the petition for writ of habeas corpus is not timely and therefore must be dismissed.

## CONCLUSION

Based on the foregoing, the petition for habeas corpus relief (Doc. #1) is DISMISSED, and respondent's motion to dismiss (Doc. #12) is GRANTED. Because petitioner has not made a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), no certificate of appealability shall enter. The Clerk is directed to enter judgment in favor of respondent and to close this case.

It is so ordered.

Dated at New Haven this 19th day of October 2018.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge